IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISAAC MONTANO,

      Plaintiff,

v.                                                          Case: 1:15-cv-00415 KG/LF

CORIZON, LLC; LISA STABER, M.D.; and
CENTURION CORRECTIONAL HEALTHCARE
OF NEW MEXICO, LLC,

      Defendants.

## **ORDER DENYING MOTION TO COMPEL**

THIS MATTER comes before the Court on plaintiff Isaac Montaño's Motion to Compel, filed July 18, 2018. Doc. 104. The motion was directed at defendant Centurion Correctional Healthcare of New Mexico, LLC ("Centurion"). Doc. 104 at 3–10. Defendant Centurion filed its response to plaintiff's motion on July 25, 2018. Doc. 105. Mr. Montaño filed his reply on August 10, 2018. Doc. 106. Having reviewed the parties' submissions and being otherwise fully advised, the Court finds that the motion is premature at this time and will DENY it without prejudice.

Mr. Montaño's motion is premature for several reasons. First, prior to filing his motion to compel, Mr. Montaño filed a motion to stay proceedings. Doc. 100. In his motion to stay, Mr. Montaño argues that since his former counsel's withdrawal from the case, he does not have access to his case file or the legal materials necessary to pursue this case on his own. *Id.* at 2–3, 14. Mr. Montaño asks the Court to stay the case until he is able to obtain and familiarize himself with the case file or, in the alternative, obtain counsel to assist him. *Id*. at 14. If the motion to stay is granted, that also would stay discovery, including any discovery the Court would compel

from Centurion. Any order to compel discovery would be inconsistent with an order to stay, should the Court decide to grant Mr. Montaño's motion to stay the proceedings. The motion to stay is pending before the presiding district judge.

Second, Mr. Montaño bases his motion to compel entirely on a "good faith effort" letter written by his former counsel addressing alleged deficiencies in Centurion's responses to plaintiff's discovery requests. *See* Doc. 104 at 3–10. A party considering a motion to compel has a duty to confer with the opposing party with regard to the discovery responses and attempt to resolve the dispute before seeking the assistance of the Court. *See* FED. R. CIV. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *see also Zuniga v. Bernalillo Cty.*, No. CV 11-877 RHS-ACT, 2013 WL 12333609, at *2 (D.N.M. Jan. 10, 2013) (unpublished). The duty to confer requires more than setting forth conflicting positions in written correspondence. *Zuniga*, 2013 WL 12333609, at *2. To confer means more than making a demand for compliance; it means "to hold a conference; compare views; consult together." *Id.* (quoting *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003)). Aside from the letter, there has been no further communication between the parties regarding Centurion's discovery requests. It appears from Centurion's response that many of the discovery requests addressed in the letter may be resolved by further conference between the parties. *See* Doc. 105 at 8–13.

Finally, in a status report filed on September 28, 2018, Centurion explained that the parties are exploring whether they can reach a settlement in this case through informal negotiations. Doc. 111 at 2. If the case settles, there is no need for the Court to compel discovery from Centurion.

For the foregoing reasons, the Court finds that Mr. Montaño's motion to compel is premature and will deny it without prejudice to give the Court an opportunity to rule on Mr. Montaño's motion to stay, to give the parties an opportunity to further meet and confer regarding the discovery responses and potentially reach a negotiated settlement, and to give Mr. Montaño time to obtain counsel or, at least, obtain his files so he may be fully informed as to the status of this case.

IT IS THEREFORE ORDERED that plaintiff Isaac Montaño's Motion to Compel (Doc. 104) is DENIED without prejudice.

Mr. Montaño may refile his motion to compel, or file a new motion to compel, within 21 days after the Court denies the motion to stay proceedings, or within 21 days after any stay imposed by the Court has been lifted.

_____
Laura Fashing
United States Magistrate Judge