IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISAAC MONTANO,

    Plaintiff,

vs.                                                          Civ. No. 15-415 KG/LF

CENTURION CORRECTIONAL
HEALTHCARE OF NEW MEXICO,
LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* "Plaintiff's Motion Requesting Permission and Extension of Time to Amend His Opposed Motions to Centurions [sic] Motions for Judgment and Summary Judgment as to Counts I, II, and III of Plaintiff's Complaint (Doc's 128, 130 and 131)" (Motion to Amend), filed May 15, 2019.[1] (Doc. 149). Plaintiff brings the Motion to Amend pursuant to Fed. R. Civ. P. 56(d).[2] Defendant Centurion Correctional Healthcare of New Mexico, LLC (Centurion) filed a response on May 30, 2019, and Plaintiff filed a reply on June 14, 2019. (Docs. 151 and 152). Having considered the Motion to Amend and the accompanying briefing, the Court denies the Motion to Amend.

---

[1] Plaintiff's counsel withdrew from the case on June 1, 2018, and Plaintiff has not obtained new counsel. (Docs. 98 and 99).

[2] Rule 56(d) was previously designated as Rule 56(f). Rules 56(d) and 56(f) are substantively the same. *See* Rule 56 Advisory Committee Notes, 2010 Amendment (stating that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)"). The Court, therefore, cites some cases that refer to Rule 56(f).

*A. Background*

Plaintiff, an inmate, brings this lawsuit against Centurion for alleged failure to provide adequate medical services. On May 21, 2018, the Magistrate Judge entered a stipulated order requiring Plaintiff to disclose experts by August 21, 2018, and terminating discovery on November 20, 2018. (Doc. 96). On July 18, 2018, Plaintiff filed a motion to compel Centurion to respond to discovery requests and produce medical records. (Doc. 104). On October 4, 2018, the Magistrate Judge denied the motion to compel without prejudice finding that the motion to compel was premature because the Court still needed to rule on Plaintiff's motion to stay; the parties needed "an opportunity to further meet and confer regarding the discovery responses and potentially reach a negotiated settlement;" and Plaintiff needed "time to obtain counsel or, at least, obtain his files so he may be fully informed as to the status of this case." (Doc. 112) at 3. On November 1, 2018, Plaintiff filed a second motion to compel, again seeking discovery responses and medical records from Centurion. (Doc. 120).

On December 18, 2018, and December 19, 2018, Centurion filed two Fed. R. Civ. P. 12(c) motions for judgment on the pleadings regarding Counts I and II, respectively. (Docs. 124 and 126). On December 20, 2018, Centurion filed a motion for summary judgment on Count III. (Doc. 127). Plaintiff responded to these motions on December 31, 2018, and January 3, 2019. (Docs. 128, 129, 130, and 131). In his response to the motion for summary judgment, Plaintiff raised the same contention as he does in the Motion to Amend, that Centurion has not provided him with medical records. (Doc. 131) at 1. Plaintiff, however, did not seek Rule 56(d) relief in that response.

On April 12, 2019, the Magistrate Judge denied Plaintiff's second motion to compel. (Doc. 145). The Magistrate Judge found that Plaintiff did not show "a good faith effort to

2

properly meet and confer with counsel about the alleged [discovery] deficiencies." *Id.* at 2. The Magistrate Judge further noted that Centurion did not previously agree to provide Plaintiff with paper copies of the medical records, and that Centurion believed Plaintiff had a complete set of the medical records in his paper litigation file (Plaintiff did not deny that his former counsel provided him with the litigation file). *Id.* at 3-4. The Magistrate Judge also suggested to Plaintiff that if he felt his set of medical records was incomplete he could request copies of his medical records from his medical providers. *Id.* at 4 n. 2.

On May 15, 2019, over four months after filing the responses to Centurion's dispositive motions, Plaintiff filed the Motion to Amend to seek a Rule 56(d) extension of time to amend those responses. Plaintiff maintains that he filed the responses to Centurion's dispositive motions without the benefit of his legal file or "promised medical records." (Doc. 149) at ¶¶ 13-16. Plaintiff contends that he "is now able to obtain the medical records needed to prove that Centurion has been and continues to be negligent in providing adequate care to Plaintiff." *Id.* at 6. Centurion opposes the Motion to Amend in its entirety.

B. Discussion

As a preliminary matter, the Court notes that Rule 56(d) does not apply to Plaintiff's responses to Centurion's motions for judgment on the pleadings. "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Bhasker v. Kemper Cas. Ins. Co.*, 361 F. Supp. 3d 1045, 1087 (D.N.M. 2019). Consequently, Plaintiff's medical records are not relevant to Centurion's motions for judgment on the pleadings, which rely only on the allegations in the

First Amended Complaint (Doc. 72). Moreover, Rule 56(d), a summary judgment rule, does not apply to motions for judgment on the pleadings governed by Rule 12(c). For these reasons, the Court denies the Motion to Amend as it pertains to Plaintiff's responses to Centurion's motions for judgment on the pleadings.

Under Rule 56(d),

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

To obtain relief under Rule 56(d), the party seeking additional time to conduct discovery must

> present an affidavit that identifies "the probable facts not available and what steps have been taken to obtain these facts. The nonmovant must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact."

*FDIC v. Arciero,* 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting *Trask v. Franco,* 446 F.3d 1036, 1042 (10th Cir. 2006)). "Unless dilatory or lacking in merit," a party's Rule 56(d) request "should be liberally treated." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553–54 (10th Cir. 1993) (internal quotation marks and citations omitted). The district court has discretion to grant additional discovery under Rule 56(d). *Patty Precision v. Brown & Sharpe Mfg. Co.,* 742 F.2d 1260, 1264 (10th Cir. 1984); *see also Pfenninger v. Exempla, Inc.,* 116 F.Supp.2d 1184, 1194 (D. Colo. 2000) ("The district courts exercise discretion in deciding whether to grant a [Rule 56(d)] motion.").

Applying the above principles, the Court concludes that Plaintiff's Rule 56(d) Motion to Amend is deficient for three reasons.[3] First, Plaintiff does not provide the required Rule 56(d)

---

[3] Although courts "liberally construe *pro se* pleadings," a "*pro se* status does not relieve [the *pro se* litigant] of the obligation to comply with procedural rules." *Murray v. City of Tahlequah, Okl.*, 312 F.3d 1196, 1199 n. 3 (10th Cir. 2002).

affidavit. *See Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (observing that "[a] prerequisite to granting [Rule 56(d)] relief …is an affidavit furnished by the nonmovant"). Plaintiff's unverified assertions in the Motion to Amend do not comply with the affidavit requirement. *See id.* (stating that "counsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56(f) and results in a waiver").

Second, even if Plaintiff provided an affidavit with the Motion to Amend, Plaintiff's Rule 56(d) request is dilatory. As this Court has stated, "To preserve an argument that he was denied discovery, plaintiff 'needed to respond to the summary-judgment motion with an affidavit under' Rule 56(d)." *Shipman v. N.M. Dep't of Corr.*, 2015 WL 13666983, at *4 (D.N.M.) (quoting *Johnson v. Roberts*, 410 Fed.Appx. 104, 107 (10th Cir. 2010)). *See also Hebert v. Wicklund*, 744 F.2d 218, 222 (1st Cir. 1984) (holding that "lack of diligence" occurred when nonmovants failed to file response to motion for summary judgment that had either "affidavits creating a genuine issue of fact" or Rule 56(d) affidavits explaining why support affidavits could not be filed); *Whelehan v. Bank of Am. Pension Plan for Legacy Companies-Fleet-Traditional Benefit*, 2014 WL 4285028, at *2 (W.D.N.Y.), *aff'd sub nom. Whelehan v. Bank of Am. Pension Plan for Legacy Companies-Fleet-Traditional Ben.*, 621 Fed. Appx. 70 (2d Cir. 2015) (finding that "deadline for filing a Rule 56(d) affidavit is long past; any such affidavit should have been filed by Plaintiff in opposition to Defendants' summary judgment motion."). Since Plaintiff did not provide a Rule 56(d) affidavit with his response to the motion for summary judgment, the subsequent Motion to Amend is untimely.

Finally, regardless of an affidavit, Plaintiff does not explain how the medical records would create a genuine issue of material fact. To prevail on a Rule 56(d) motion, Plaintiff must "identify any *specific* facts which would create a genuine issue of material fact." *Child A., Child*

*B. ex rel. Gaither v. Allstate Ins. Co.*, 323 Fed. Appx. 635, 643 (10th Cir. 2009) (quoting *Libertarian Party of N.M. v. Herrera,* 506 F.3d 1303, 1308 (10th Cir. 2007)). To do so, plaintiffs must "identify[] the probable facts not available." *Id.* (quoting *Garcia v. U.S. Air Force,* 533 F.3d 1170, 1179 (10th Cir. 2008)). Here, Plaintiff does not identify any specific or even probable facts which he expects to glean from the medical records to create a genuine issue of material fact.

WHEREFORE, IT IS ORDERED that "Plaintiff's Motion Requesting Permission and Extension of Time to Amend His Opposed Motions to Centurions [sic] Motions for Judgment and Summary Judgment as to Counts I, II, and III of Plaintiff's Complaint (Doc's 128, 130 and 131)" (Doc. 149) is denied.

_____
UNITED STATES DISTRICT JUDGE