IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISAAC MONTANO,

    Plaintiff,

vs.                                                                                            Civ. No. 15-415 KG/LF

CENTURION CORRECTIONAL
HEALTHCARE OF NEW MEXICO,
LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon "Centurion Correctional Healthcare of New Mexico, LLC's Motion for Summary Judgment on Count III" (Motion for Summary Judgment), filed December 20, 2018. (Doc. 127). *Pro se* Plaintiff[1] responded on January 3, 2019, and Defendant Centurion Correctional Healthcare of New Mexico, LLC (Centurion) filed a reply on January 14, 2019. (Docs. 131 and 138). Having considered the Motion for Summary Judgment and the accompanying briefing, the Court grants the Motion for Summary Judgment.

*A. The First Amended Complaint for the Recovery of Damages Caused by the Deprivation of Civil Rights and Injunctive Relief to Provide Medical Care (First Amended Complaint) (Doc. 72)[2]*

In June 2013, Plaintiff, an inmate, alleges that his gall bladder was unnecessarily removed. (Doc. 72) at ¶¶ 14 and 15. After the surgery, Plaintiff suffered from a myriad of ailments including, for example, elevated bilirubin, cirrhosis, ulcerative colitis, liver injury, ventral hernia, hives, anxiety, hepatitis C, shortness of breath, and "urinary

---

[1] Plaintiff's counsel withdrew from the case on June 1, 2018, and Plaintiff has not retained new counsel. *See* (Docs. 98 and 99).

[2] Plaintiff's counsel filed the First Amended Complaint.

pressure/incontinence." *Id.* at ¶¶ 25, 32, 35 40, 71, 103. Various medical specialists treated Plaintiff. *See id.* at ¶¶ 24, 35, 86, 105. Despite this treatment, Plaintiff alleges that medical services companies contracting with the New Mexico Corrections Department failed to deliver adequate medical care to him.

"On June 1, 2016, Centurion became the new contract provider of medical services for all" New Mexico Corrections Department facilities. *Id.* at ¶ 96. Plaintiff alleges that his medical care issues continued after Centurion became the medical provider. Plaintiff maintains that he "has repeatedly filed grievances and medical requests regarding his various health issues." *Id.* at ¶ 169. Plaintiff alleges that "Centurion has provided Plaintiff inadequate care and been unresponsive to provider notations indicating necessary treatments, consultation follow-ups and procedures that were necessary to be completed in a timely fashion." *Id.* at ¶ 173. Plaintiff further complains that "medical information continued to be incorrectly or inaccurately conveyed by Centurion to consulting physicians." *Id.* at ¶ 102.

Plaintiff brings three Counts against Centurion. In Counts I and II, Plaintiff brings 42 U.S.C. § 1983 claims based on alleged violations of Plaintiff's Eighth Amendment right to adequate medical care. In Count III, Plaintiff brings state-law medical negligence claims.

Centurion now moves for summary judgment on Count III. Plaintiff opposes the Motion for Summary Judgment.

B. *Summary Judgment Standard*

Summary judgment is appropriate if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing

2

that there is a genuine issue for trial. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). The Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

## C. Discussion

Centurion argues that it is entitled to summary judgment on Count III because Plaintiff has not disclosed a medical expert to support the allegations of medical negligence. To establish medical negligence, a plaintiff must show that "(1) the defendant owed the plaintiff a duty recognized by law; (2) the defendant breached the duty by departing from the proper standard of medical practice recognized in the community; and (3) the acts or omissions complained of proximately caused the plaintiff's injuries." *Blauwkamp v. Univ. of New Mexico Hosp.*, 1992-NMCA-048, ¶ 13, 114 N.M. 228.

Under well-established New Mexico law, the testimony of a medical expert is required "in most medical malpractice suits" to establish the applicable standard of care, to demonstrate that the healthcare provider breached that standard, and to prove causation. *Holley v. Evangelical Lutheran Good Samaritan Soc.*, 588 Fed. Appx. 792, 795 (10th Cir. 2014) (citing *Gerety v. Demers*, 1978-NMSC-097, 92 N.M. 396 and *Gonzales v. Carlos Cadena, D.P.M., P.C.*, 2010 WL 3997235, at *1 (N.M. Ct. App.)). The need for expert medical testimony stems from the often "technical and specialized subject matter" which is not within the "common knowledge ordinary possessed by an average person…." *Id.* (citations omitted). Therefore, unless the subject matter of the medical malpractice action falls within "common knowledge ordinarily possessed by an average person," the plaintiff must obtain a medical expert to establish a medical negligence claim. *Gerety*, 1978-NMSC-097 at ¶ 74 (citation omitted). In

3

considering medical negligence in the summary judgment context, "the proponent of summary judgment need only point out the lack of an expert witness" to prevail. *Hilley v. Cadigan*, 2018 WL 2213697, at *1, ¶ 3 (N.M. Ct. App.).

In this case, Plaintiff's complex medical history and multiple ailments do not come within an average layperson's common knowledge. Accordingly, Plaintiff cannot establish the elements of a medical negligence claim without a medical expert. It is undisputed that Plaintiff has not retained a medical expert.

Plaintiff states that he does not have a medical expert because, as of the date of his response to the Motion for Summary Judgment, January 3, 2019, he had not received his medical records from Centurion to provide to a medical expert for analysis. Plaintiff notes that on May 21, 2018, the Magistrate Judge entered a stipulated order requiring Plaintiff to disclose experts by August 21, 2018, and terminating discovery on November 20, 2018. (Doc. 96). After Plaintiff's counsel withdrew from the case on June 1, 2018, Plaintiff filed a motion to stay the case on June 20, 2018, arguing he needed to familiarize himself with the case and possibly retain counsel. (Doc. 100).

Then, on July 18, 2018, Plaintiff filed a motion to compel Centurion to respond to discovery requests and produce medical records. (Doc. 104). On October 4, 2018, the Magistrate Judge denied the motion to compel, without prejudice, finding that the motion to compel was premature because the Court still needed to rule on Plaintiff's motion to stay; the parties needed "an opportunity to further meet and confer regarding the discovery responses and potentially reach a negotiated settlement;" and Plaintiff needed "time to obtain counsel or, at least, obtain his files so he may be fully informed as to the status of this case." (Doc. 112) at 3.

On October 19, 2018, the Court denied the motion to stay the case, without prejudice, as moot. (Doc. 114). The Court found that Plaintiff had ample time since he filed the motion to stay in June 2018 to familiarize himself with the case and to retain counsel. *Id.*

On November 1, 2018, Plaintiff filed a second motion to compel, again seeking discovery responses and medical records from Centurion. (Doc. 120). On December 20, 2018, Centurion filed the Motion for Summary Judgment. Apparently, in late January 2019, after Plaintiff filed his response to the Motion for Summary Judgment, Plaintiff received his legal file from his former counsel. (Doc. 152) at ¶ 3.

On April 12, 2019, the Magistrate Judge denied Plaintiff's second motion to compel. (Doc. 145). The Magistrate Judge found that Plaintiff did not show "a good faith effort to properly meet and confer with counsel about the alleged [discovery] deficiencies." *Id.* at 2. The Magistrate Judge further noted that Centurion did not previously agree to provide Plaintiff with paper copies of the medical records, and that Centurion believed Plaintiff had a complete set of the medical records in his paper litigation file (Plaintiff did not deny that his former counsel provided him with the litigation file). *Id.* at 3-4. The Magistrate Judge also suggested to Plaintiff that if he felt his set of medical records was incomplete he could request copies of his medical records from his medical providers. *Id.* at 4 n. 2. On May 15, 2019, Plaintiff indicated that he "is now able to obtain the medical records…." (Doc. 149) at 7.

Significantly, Plaintiff has not moved to extend the expert disclosure deadline, which expired in August 2018, almost a year ago. Plaintiff failed to move for an extension of that deadline even after (1) the Court denied his motion to stay in October 2018; (2) Plaintiff received his legal file from former counsel in January 2019; (3) the Magistrate Judge denied the second motion to compel in April 2019; and (4) Plaintiff purportedly obtained his medical file in May

5

2019. The Court finds that Plaintiff has had ample opportunity to either retain a medical expert or move the Court for an extension of the expert disclosure deadline. As the Court has previously stated, although courts "liberally construe *pro se* pleadings," a "*pro se* status does not relieve [the *pro se* litigant] of the obligation to comply with procedural rules." *Murray v. City of Tahlequah, Okl.*, 312 F.3d 1196, 1199 n. 3 (10th Cir. 2002).

In light of Plaintiff's failure to retain a medical expert to establish his medical negligence claims against Centurion, the Court determines that Centurion is entitled to summary judgment on Count III as a matter of law.

IT IS ORDERED that

1. "Centurion Correctional Healthcare of New Mexico, LLC's Motion for Summary Judgment on Count III" (Doc. 127) is granted;

2. summary judgment will be entered in Centurion's favor on Count III of the First Amended Complaint; and

3. Count III will be dismissed with prejudice.[3]

_____
UNITED STATES DISTRICT JUDGE

---

[3] *See, e.g., Holley*, 588 Fed. Appx. at 796-97 (affirming judge's decision to grant summary judgment on New Mexico state medical negligence claim and to dismiss that claim with prejudice because Plaintiffs failed to offer expert testimony on whether alleged negligence proximately caused death).