IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISAAC MONTANO,

    Plaintiff,

vs.                                                         Civ. No. 15-415 KG/LF

CENTURION CORRECTIONAL
HEALTHCARE OF NEW MEXICO,
LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon "Centurion Correctional Healthcare of New Mexico, LLC's Opposed Motion for Judgment on the Pleadings as to Count I," filed December 18, 2018. (Doc. 124). *Pro se* Plaintiff[1] responded on December 31, 2018, and Defendant Centurion Correctional Healthcare of New Mexico, LLC (Centurion) filed a reply on January 14, 2019. (Docs. 129 and 134).

Also, before the Court is "Centurion Correctional Healthcare of New Mexico, LLC's Motion for Judgment on the Pleadings on Count II," filed December 19, 2018. (Doc. 126). Plaintiff responded to that motion on January 3, 2019, and Centurion filed a reply on January 14, 2019. (Docs. 130 and 136).

Having considered both Motions for Judgment on the Pleadings, the accompanying briefing, and the "First Amended Complaint for the Recovery of Damages Caused by the Deprivation of Civil Rights and Injunctive Relief to Provide Medical Care" (First Amended

---

[1] Plaintiff's counsel withdrew from the case on June 1, 2018, and Plaintiff has not retained new counsel. *See* (Docs. 98 and 99).

Complaint) (Doc. 72),[2] the Court grants the Motions for Judgment on the Pleadings as described herein and will dismiss Counts I and II without prejudice. The Court further grants Plaintiff 30 days from the entry of this Memorandum Opinion and Order to file a second amended complaint to address the deficiencies explained below.

A. *The First Amended Complaint*

In June 2013, Plaintiff, an inmate, alleges that his gall bladder was unnecessarily removed. (Doc. 72) at ¶¶ 14 and 15. After the surgery, Plaintiff suffered from a myriad of ailments including, for example, elevated bilirubin, cirrhosis, ulcerative colitis, liver injury, ventral hernia, hives, anxiety, hepatitis C, shortness of breath, and "urinary pressure/incontinence." *Id.* at ¶¶ 25, 32, 35 40, 71, 103. Various medical specialists have treated Plaintiff. *See id.* at ¶¶ 24, 35, 86, 105. Despite this treatment, Plaintiff alleges that medical services companies contracting with the New Mexico Corrections Department failed to deliver adequate medical care to him.

"On June 1, 2016, Centurion became the new contract provider of medical services for all" New Mexico Corrections Department facilities. *Id.* at ¶ 96. Plaintiff alleges that his medical care issues continued after Centurion became the medical provider. Plaintiff maintains that he "has repeatedly filed grievances and medical requests regarding his various health issues." *Id.* at ¶ 169. Plaintiff alleges that "Centurion has provided Plaintiff inadequate care and been unresponsive to provider notations indicating necessary treatments, consultation follow-ups and procedures that were necessary to be completed in a timely fashion." *Id.* at ¶ 173. Plaintiff further complains that "medical information continued to be incorrectly or inaccurately conveyed by Centurion to consulting physicians." *Id.* at ¶ 102. Plaintiff alleges that Centurion acted

---

[2] Plaintiff's counsel filed the First Amended Complaint.

through its staff "and is responsible for their acts or omissions pursuant to the doctrines of respondeat superior, agency or apparent agency." *Id.* at ¶ 12.

Plaintiff brings three Counts against Centurion. In Count I, Plaintiff brings a 42 U.S.C. § 1983 claim for injunctive relief based on alleged violations of Plaintiff's Eighth Amendment right to adequate medical care. Plaintiff specifically seeks injunctive relief to (1) receive transportation to timely scheduled follow-up appointments, (2) receive recommended treatments and medications from specialists and consulting physicians, (3) receive transportation to timely scheduled "physician-prescribed procedures," and (4) require Centurion to properly maintain "Plaintiff's medical records, including the timely conveyance of complete and accurate documentation of all relevant and actual health issues" to Plaintiff's physicians. *Id.* at ¶ 186.

In Count II, Plaintiff brings another Section 1983 claim for alleged violations of the Plaintiff's Eighth Amendment right to adequate medical care. Plaintiff maintains in Count II that "Centurion has perpetuated the culture of delay" by "refusing to either effectively treat Plaintiff or to transport Plaintiff to a medical facility that could effectively treat his medical problems." *Id.* at ¶¶ 191 and 195. In Count III, Plaintiff brings state-law medical negligence claims.

*B. Discussion*

Centurion moves for dismissal of Counts I and II under Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). A claim is subject to dismissal under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true and must view them in the light most favorable

to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id*. at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Centurion argues that Plaintiff has failed to allege plausible Eighth Amendment violations by not alleging facts which show that Centurion was deliberately indifferent to Plaintiff's medical needs. *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (noting that plaintiff may bring Eighth Amendment claim for cruel and unusual punishment based on "[a] prison official's deliberate indifference to an inmate's serious medical needs" (citation omitted)). Centurion, however, has neglected to raise more fundamental reasons for dismissing Counts I and II under Rule 12(c). The Court will address those reasons *sua sponte*.[3]

---

[3] The Court notes that it may dismiss a claim *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). However, "it generally is not appropriate to dismiss claims *sua sponte* and partially on grounds not raised by the defendant, without an opportunity to amend." *Summit Elec. Supply Co., Inc. v. Int'l Bus. Machines Corp.*, 2008 WL 11451895, at *7 (D.N.M.) (citing *McKinney v. Oklahoma, Dept. of Human Svcs.*, 925 F.2d 363, 365 (10th Cir. 1991)).

First, as a matter of law, Centurion, as a private corporation, "cannot be held liable *solely* because it employs a tortfeasor—or, in other words ... cannot be held liable under § 1983 on a *respondeat superior* theory." *Smedley v. Corr. Corp. of Am.*, 175 Fed. Appx. 943, 946 (10th Cir. 2005) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Iqbal*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to … § 1983 suits"). Hence, any Section 1983 claim against Centurion based on *respondeat superior* cannot survive a Rule 12(b)(6) motion.

Second, a private corporation, like Centurion, can only be liable under Section 1983 for its employees' misconduct if a plaintiff can "demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell*…." *Wishneski v. Andrade*, 572 Fed. Appx. 563, 567 (10th Cir. 2014). *See also Candelaria v. New Mexico Dep't of Corr.*, 2017 WL 5634114, at *1 (D.N.M.) (acknowledging that "private corporations like Centurion Correctional Healthcare, LLC … can only be liable under § 1983 when the corporation's official policy or custom caused a deprivation of constitutional rights"). "An official policy can be shown through an official decision or statement…." *Ostrowski v. City of Montrose*, 655 Fed. Appx. 612, 614 (10th Cir. 2016) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). "A 'custom' has come to mean an act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of law." *Carney v. City & Cty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008) (citation omitted). Put another way, a custom consists of "continuing, persistent and widespread" actions by employees. *Id.* (citation omitted). "In attempting to prove the existence of such a 'continuing, persistent and widespread' custom, plaintiffs most commonly offer evidence suggesting that similarly situated individuals were mistreated by the municipality in a similar way." *Id.*

5

In this case, Plaintiff does not allege facts in the First Amended Complaint that Centurion employees acted pursuant to an official policy promulgated by Centurion. Furthermore, Plaintiff's allegations focus only on the alleged actions by Centurion employees taken against him. Plaintiff's allegations, even when taken as true and viewed in the light most favorable to Plaintiff, do not extend to other similarly situated inmates in need of treatment by specialists. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 128 (1988) (finding no custom existed, in part, because plaintiff did not attempt to prove that defendant's actions were "ever directed against anyone other than himself"). Consequently, Plaintiff fails to allege facts which show that the purported actions by Centurion employees constituted a "continuing, persistent and widespread" practice or custom that had the force of a *de facto* policy by Centurion.

The Court concludes that Plaintiff has failed to allege facts sufficient for the Court to reasonably infer that Centurion is liable for the alleged misconduct of its employees through either a policy or custom. Hence, Plaintiff has not alleged sufficient facts to demonstrate a plausible *Monell* claim against Centurion. Counts I and II, therefore, are subject to dismissal without prejudice under Rule 12(c) for that reason. However, if Plaintiff wishes to proceed against Centurion on the Section 1983 claims, the Court will permit Plaintiff to file a second amended complaint to properly allege a *Monell* claim against Defendant. If Plaintiff declines to file a second amended complaint or files a second amended complaint that similarly fails to state Section 1983 claims against Centurion, the Court may dismiss those claims with prejudice without further notice.

IT IS ORDERED that

1. "Centurion Correctional Healthcare of New Mexico, LLC's Opposed Motion for Judgment on the Pleadings as to Count I" (Doc. 124) and "Centurion Correctional Healthcare of

New Mexico, LLC's Motion for Judgment on the Pleadings on Count II" (Doc. 126) are granted in that Counts I and II of the First Amended Complaint (Doc. 72) are dismissed without prejudice;

    2. Plaintiff may file a second amended complaint within 30 days of entry of this Memorandum Opinion and Order to address the above deficiencies; and

    3. if Plaintiff fails to file a second amended complaint or files a second amended complaint that likewise fails to state Section 1983 claims against Centurion, the Court may dismiss Counts I and II with prejudice without further notice.

_____
UNITED STATES DISTRICT JUDGE