IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISAAC MONTANO,

    Plaintiff,

v.                                                1:15-cv-00415 KG/LF

CORIZON, LLC; LISA STABER, M.D.; and,
CENTURION CORRECTIONAL HEALTHCARE
OF NEW MEXICO, LLC,

    Defendants.

**ORDER GRANTING CENTURION'S MOTION
FOR AN AWARD OF REASONABLE EXPENSES INCURRED IN OPPOSING
PLAINTIFF'S SECOND MOTION TO COMPEL**

THIS MATTER comes before the Court on defendant Centurion Correctional Healthcare of New Mexico, LLC's ("Centurion") Motion for an Award of Reasonable Expenses Incurred in Opposing Plaintiff's Second Motion to Compel, filed on Aril 26, 2019. Doc. 146. Mr. Montaño filed his response on June 14, 2019. Doc. 153. Centurion filed its reply on June 25, 2019. Doc. 156. Having read the submissions of the parties and being fully advised, the Court finds that the motion is well taken and that the expenses and fees are reasonable, and it will GRANT the motion.

    **I.    Background and Procedural Posture**

Mr. Montaño filed a motion to compel on July 18, 2018. Doc. 104. The motion was based on a "good faith effort" letter to Centurion from Mr. Montaño's former attorney seeking supplementation of certain responses to discovery requests. *Id*. The Court denied this motion without prejudice on the grounds it was premature. Doc. 112. The Court determined that the motion was premature in part because Mr. Montaño had failed to certify that he had conferred or

attempted to confer with the opposing party in an effort to obtain the discovery he sought without the Court's intervention pursuant to Federal Rule of Civil Procedure 37(a)(1). *Id.* at 2. The Court explained that

> The duty to confer requires more than setting forth conflicting positions in written correspondence. [*Zuniga v. Bernalillo Cty.,* No. CV 11-877 RHS-ACT, 2013 WL 12333609, at *2 (D.N.M. Jan. 10, 2013) (unpublished)]. To confer means more than making a demand for compliance; it means "to hold a conference; compare views; consult together." *Id.* (quoting *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003)). Aside from the letter, there has been no further communication between the parties regarding Centurion's discovery requests. It appears from Centurion's response that many of the discovery requests addressed in the letter may be resolved by further conference between the parties. *See* Doc. 105 at 8–13.

Doc. 112 at 2. The Court denied the motion "to give the parties an opportunity to further meet and confer regarding the discovery responses . . . ." *Id.* at 3.

On November 1, 2018, Mr. Montaño filed a second motion to compel against Centurion. Doc. 120. This second motion was again based in part on the "good faith effort" letter. *Id.* at 2. The Court noted that it had previously advised Mr. Montaño of his obligation to follow the same rules of procedure that govern other litigants, including the obligation to meet and confer with regard to discovery disputes. Doc. 145 at 2–3. Because Mr. Montaño failed to fulfill his obligations and he was not otherwise entitled to the discovery he sought, the Court denied the second motion. *Id.*

Pursuant to Rule 37(a)(5)(B), the Court ordered Centurion to file a motion and affidavit for its reasonable expenses incurred in opposing Mr. Montaño's second motion to compel, which is the subject of the present motion. Doc. 146.

## II. Discussion

If a motion to compel is denied, the Court

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(B) (emphasis added).

In its motion, Centurion seeks an award in the amount of $1,202.81 for the time and expenses expended in opposing Mr. Montaño's second motion to compel. *See* Doc. 146-1. Mr. Montano does not object to the reasonableness of the fees and expenses requested. Instead, he, once again, argues that Centurion failed to respond to the good faith effort letter and has failed to provide him with medical records. Doc. 153 at 2–3. As Centurion points out:

> Plaintiff did not dispute that he was aware of his duty to confer or attempt to confer in good faith with Centurion before he filed his Second Motion to Compel. *See*, Document 153. Plaintiff did not dispute that he refused to confer or attempt to confer in good faith with Centurion. *Id*. Plaintiff did not dispute that his failure to confer or attempt to confer in good faith with Centurion was a violation of Rule 37(a)(5)(B). *Id*. Plaintiff did not dispute that this Court warned him before he filed his Second Motion to Compel that he was required to confer or attempt to confer in good faith with Centurion. *Id*. Instead, Plaintiff simply reiterated his version of events, peppering his recitation with ad hominem attacks. *Id*.

Doc. 156 at 3. Mr. Montaño has not convinced the Court that his motion was substantially justified or that other circumstances make an award of expenses unjust.

IT IS THEREFORE ORDERED that Centurion's Motion for an Award of Reasonable Expenses Incurred in Opposing Plaintiff's Second Motion to Compel, Doc. 146, is GRANTED.

Mr. Montaño will pay Centurion $1,202.81, no later than October 24, 2019, absent a written request showing good cause for an extension of time.

_____
Laura Fashing
United States Magistrate Judge