IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISAAC MONTAÑO

       Plaintiff,

v.                                                            1:15-cv-00415-KG-LF

CENTURION CORRECTIONAL
HEALTHCARE OF NEW MEXICO, LLC, *et al.*,

       Defendants.

## **ORDER ON MOTIONS**

THIS MATTER comes before the Court on three motions filed by plaintiff Isaac Montaño, an inmate at Southern New Mexico Correctional Facility, appearing pro se. First, Mr. Montaño filed a Motion for Reconsideration on October 15, 2019. Doc. 170. Defendant Centurion Correctional Healthcare of New Mexico, LLC ("Centurion"), filed its response on October 28, 2019. Doc. 173. Mr. Montaño did not file a reply.[1] Second, Mr. Montaño filed a Request for an Extension of Time on October 15, 2019. Doc. 171. Centurion filed its response on October 28, 2019. Doc. 172. Mr. Montaño filed his reply on November 14, 2019.[2] Doc. 176. Finally, on November 14, 2019, Mr. Montaño filed a Motion for Sanctions on Centurion's Counsel. Doc. 174. Centurion filed a response on November 19, 2019. Mr. Montaño did not file a reply. Having read the submissions of the parties and being fully advised, the Court finds

---

[1] "A reply must be served and filed within fourteen (14) calendar days after service of the response." D.N.M.LR-Civ. 7.4(a). "The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete." D.N.M.LR-Civ. 7.1(b).

[2] Mr. Montaño's reply was timely pursuant to Rule 6. *See* FED. R. CIV. P. 6(d) (adding three days to the time to file after service by mail).

that Mr. Montaño's motion for reconsideration is not well taken and the Court will DENY it. Mr. Montaño's motion for an extension of time is well taken in part and the Court will GRANT it in part and DENY it in part. Finally, Mr. Montaño's motion for sanctions is not well taken and the Court will DENY that motion.

### 1. Standard for Pro Se Filings

This Court construes pro se filings liberally. *See, e.g., Calhoun v. Att'y Gen. of Colorado*, 745 F.3d 1070, 1073 (10th Cir. 2014) ("We liberally construe [plaintiff's] pro se filings."). Although a pro se litigant's pleadings are entitled to a liberal construction, Mr. Montaño must nevertheless follow the rules of federal procedure. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994). Moreover, the parties and the court are under no obligation to craft legal theories for the plaintiff, nor may they supply factual allegations to support a pro se plaintiff's claim for relief. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

### 2. Mr. Montaño's Motions are in Violation of the Local Rules

This Court has previously advised Mr. Montaño that even though he is appearing pro se, that does not excuse him from following the Federal Rules of Civil Procedure and this district's local rules. *See* Docs. 145 at 2–3; 159 at 4, n.3; 160 at 6. Regardless, Mr. Montaño has failed to comply with local rule 7.1(a), which requires that a movant "must determine whether a motion is opposed" and warns that a "motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1. The ordinary leniency given to pro se litigants does not excuse Mr. Montaño's obligation to comply with applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) ("liberal treatment [for pro se litigants] is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.").

Mr. Montaño's motions do not include a statement that he sought concurrence from Centurion on his motions, and the motions therefore may be denied on that basis alone. *See generally* Docs. 170, 171, and 174. While the Court may deny Mr. Montaño's motions for his failure to comply with the local rules, his motions also fail on their merits.

   3. **Mr. Montaño's Motion for Reconsideration**

Mr. Montaño filed two motions to compel in this case. *See* Docs. 104, 120. The Court denied the first motion to compel without prejudice as premature. Doc. 112. In the order denying the first motion, the Court explained to Mr. Montaño that he had an obligation to meet and confer, or attempt to meet and confer, with Centurion prior to filing a motion to compel. Doc. 112 at 2. The Court further explained that his motion must include a certification that the movant has met and conferred, or made an attempt to do so, in good faith to resolve the dispute. *Id*.

Mr. Montaño filed his second motion to compel which was largely identical to his first motion to compel. *Compare* Doc. 104 *with* Doc. 120. Once again, Mr. Montaño failed to certify that he had met and conferred, or attempted to meet and confer, with Centurion prior to filing his motion to compel. Doc. 120. Accordingly, the Court denied his second motion and ordered Centurion to submit a motion and affidavit for attorney's fees for having to respond to the second motion. Doc. 145. Centurion filed its motion for attorney's fees, and the Court granted the motion. Docs. 145, 166.

In his motion for reconsideration, Mr. Montaño asks the Court to reconsider ordering him to pay Centurion's attorney's fees for the second motion to compel. Doc. 170 at 1, 6. A motion for reconsideration provides the court with an opportunity to correct "manifest errors of law or fact and to review newly discovered evidence." *Dees v. Wilson*, 796 F. Supp. 474, 475 (D. Kan.

1992), *aff'd*, 13 F.3d 405 (10th Cir. 1993). A court has discretion whether to grant or deny a motion for reconsideration. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). There are three circumstances in which a court may appropriately grant a motion for reconsideration: (1) where the court made a manifest error of fact or law; (2) where there is newly discovered evidence; and (3) where there has been a change in the law. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected. *Voelkel v. GMC*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). Indeed, "[a] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.*, No. 89-1412-C, 1989 WL 159369, at *1 (D. Kan. Dec.15, 1989). Such motions are therefore not appropriate if the movant intends only that the court hear new arguments or supporting facts. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). "The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice. *See United States v. Deleon*, No. CR 15-4268 JB, 2016 WL 7242579, at *29 (D.N.M. Oct. 28, 2016).

Here, Mr. Montaño does not allege a change in law or the availability of new evidence. Accordingly, his arguments require the court to decide whether reconsideration is necessary to correct any clear error or prevent manifest injustice. Mr. Montaño argues that he was following the advice of his former counsel to file the motion to compel, that Centurion's counsel ignored him, that his mental health, lack of litigation experience, and no access to a law library all

contributed to his filing the second motion to compel. Doc. 170. None of these excuses, however, persuade the Court to reconsider its ruling.

As explained in the Court's prior orders, Mr. Montaño had an obligation to show he made a good faith effort to meet and confer with counsel about the alleged discovery deficiencies. Doc. 145 at 2; *see also* Doc. 112 at 2. Mr. Montaño was aware of his obligation when he filed his second motion to compel. He did not need any legal expertise or access to law a library to understand this obligation. Further, although Mr. Montaño contends that Centurion's counsel ignored him, he does not present any evidence that he made any effort to meet and confer with counsel, and he did not certify in his second motion that he attempted to meet and confer. *See* Docs. 112 at 2; 145 at 3. Finally, as the Court explained in its order denying his second motion to compel, if a motion is denied, the Court "must . . . require the movant, the attorney filing the motion or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." *See* Docs. 145 at 4; 166 at 3, (quoting FED. R. CIV. P. 37(a)(5)(B)) (emphasis added). Given this directive, the Court ordered Mr. Montaño to pay the attorney's fees Centurion incurred in opposing the second motion to compel. The Court did not clearly error and there was no manifest injustice in ordering Mr. Montaño to pay the attorney's fees Centurion incurred in opposing the second motion to compel. The Court will not overturn its prior order, and it DENIES Mr. Montaño's motion for reconsideration.

4. **Mr. Montaño's Request for an Extension of Time.**

Mr. Montaño seeks an extension of time to pay Centurion's attorney's fees until after he is released from prison. Doc. 171. Mr. Montaño explains that he is "broke, insolvent, penniless, busted and cannot afford to pay the $1,202.81." *Id*. at 1. He also explains that "[t]he settlement

5

payout from Corizon was used to pay[]off debts."[3]  *Id*.  Mr. Montaño does not explain, however, which debts he has paid off.

While the Court understands that Mr. Montaño's incarceration and medical issues could delay his ability to pay the attorney's fees, it will not give Mr. Montaño an open-ended or unlimited extension of time to pay Centurion's attorney's fees.  The Court ordered Mr. Montaño to pay Centurion's attorney's fees no later than October 24, 2019.  On October 15, 2019, Mr. Montaño filed his motion for an extension of time.  He has not had to pay the attorney's fees for approximately 75 days beyond the due date during the pendency of his motion.

The Court will GRANT in part Mr. Montaño's request for an extension to pay attorney's fees until at least March 16, 2020.  Mr. Montaño must provide the Court with a certified inmate account statement from November 1, 2018, through the December 31, 2019, no later than January 21, 2020.  Further, if the inmate account statements show that a large portion of money was transferred to a family member or other individual after November 1, 2018, Mr. Montaño also must provide corroborating evidence to show that those funds were used to pay debts, as he claims, no later than January 21, 2020.  Once the Court receives the inmate account statements and other documents, the Court may consider instituting a payment plan for Mr. Montaño to pay the amount owed to Centurion.  If Mr. Montaño fails to provide these documents to the Court by January 21, 2020 as directed, the entire amount Mr. Montaño owes to Centurion will become due on March 16, 2020, and no further extensions will be granted.

---

[3] Mr. Montaño settled the claims he brought against defendant Corizon, LLC, on November 1, 2018.  Doc. 118.

5. **Mr. Montaño's Motion for Sanctions**

Mr. Montaño requests sanctions against Centurion pursuant to Federal Rule of Civil Procedure 11. This district's local rules require that "[a] motion, response or reply must cite authority in support of the legal positions advanced," and that "[m]ovant must submit evidence in the form of affidavits, deposition excerpts, or other documents in support of allegations of fact." D.N.M.LR-Civ.7.3(a), (b).

The conclusory allegations of "harassment, slander and the Defendant[']s Counsel misleading the Court with fabrications to prejudice the Court against Plaintiff," are simply not supported by any evidence or legal authority. Consequently, the Court will deny Mr. Montaño's motion for sanctions.

IT IS THEREFORE ORDERED that

1) Mr. Montaño's Motion for Reconsideration (Doc. 170) is DENIED;

2) Mr. Montaño's Motion for an Extension of Time (Doc. 171) is GRANTED in part and DENIED in part as follows:

    a. Mr. Montaño must provide the Court with a certified inmate account statement from November 1, 2018, through the December 31, 2019, no later than January 21, 2020;

    b. If the inmate account statements show that a large portion of money was transferred to a family member or other individual after November 1, 2018, Mr. Montaño must also provide corroborating evidence that those funds were used to pay debts, as he claims, no later than January 21, 2020.

    c. If Mr. Montaño provides the above documents as directed by the Court, the Court will consider instituting a payment plan for Mr. Montaño to pay the amount he owes to Centurion. If Mr. Montaño does not provide the above documents as directed by the Court, Mr. Montaño will have through March 16, 2020, to pay Centurion's attorney's fees ordered by the Court in Doc. 166;

7

3) Mr. Montaño's Motion for Sanctions (Doc. 174) is DENIED.

_____
Laura Fashing
United States Magistrate Judge